IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| GREG BYLICKI, | : | Case No.: |
| Plaintiff, | : | |
| v. | : | |
| MCGEE TIRE STORES, INC. | : | |
| Defendant. | : | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, GREG BYLICKI (hereinafter "Plaintiff"), by and through his undersigned counsel, hereby sues Defendant, MCGEE TIRE STORES, INC., a Florida profit company (hereinafter "Defendant"), and states as follows:

## INTRODUCTION

1. This is an action for damages in excess of $15,000.00.

2. Venue lies within the division of Tampa because a substantial part of the events giving rise to this claim arose in this judicial district. Prior to his termination, Defendant employed Plaintiff at its business located at 4304 S. Florida Avenue, Lakeland, Florida, 33813.

3. This is an action brought pursuant to 42 U.S.C. § 1981, ("Section 1981"), to recover front pay, back pay, prejudgment interest, lost benefits, compensatory damages, punitive damages, injunctive relief, reasonable attorneys' fees and costs, and any other relief to which the Plaintiff is entitled including but not limited to, equitable relief.

## PARTIES

4. Defendant is a Florida profit company conducting business in Lakeland, Florida. Defendant is an automotive retailer conducting business all over the state of Florida. Defendant employs hundreds of employees.

5. Plaintiff is white male. He is associated with an African-American female through marriage to her.

6. By definition, Defendant is an "Employer" pursuant to the laws under which this action is brought including but not limited to Section 1981. At all times material, Plaintiff was an "Employee" as defined by the laws under which this action is brought (Section 1981) and was qualified to perform and did his job duties within the legitimate expectations of Defendant.

## ADDITIONAL ALLEGATIONS

7. At all times material, Defendant, through its high level and corporate managers, workers, and supervising agents, acted in a willful manner, with malice and with reckless disregard for Plaintiff's federally protected rights to work in an environment free of race discrimination, retaliation and harassment. As such, Plaintiff seeks punitive damages against Defendant.

8. Plaintiff has been required to retain the undersigned counsel to represent his in this action and is obligated to pay them a reasonable fee for her services.

9. Plaintiff requests a jury trial on all counts herein.

## FACTS

10. Defendant hired Plaintiff in October of 2011 as a "Service Manager."

11. After Defendant's white Store Manager, David Pearson discovered Plaintiff was married to an African-American female, he began treating him in a harassing and discriminatory fashion.

12. Six months prior to Plaintiff's termination, Mr. Pearson made numerous derogatory and racially harassing statements to Plaintiff, such as, "Inter-racial relationships are wrong," and "You don't have a big enough penis for a black woman." Mr. Pearson also made comments like, "I bet you voted for Obama because your wife is a nigger."

13. After Plaintiff's wife suffered a miscarriage, Mr. Pearson stated, "I wouldn't bring a mixed child into this world."

14. Plaintiff complained to Defendant and Kevin McGee about the discriminatory statements and harassment, and Defendant did nothing to intervene and stop the discrimination.

15. Plaintiff begged for a transfer to another store so that he could get away from the discrimination and harassment, and was denied.

16. Immediately after Plaintiff complained to Defendant relating to the discrimination, Defendant fired Plaintiff.

17. Defendant retaliated against Plaintiff on the basis of his reports and complaints of discrimination and harassment.

18. Defendant's articulated reasons for his termination are a mere pretext for discrimination based upon Plaintiff's racial association with an African-American female, and retaliation based on his complaints and Plaintiff's termination and disparate treatment were motivated by discrimination and due to retaliation.

19. Defendant's actions were intentional, willful, and malicious.

## COUNT I – RACE DISCRIMINATION – 42 U.S.C. SECTION 1981

20. Plaintiff hereby reincorporates and re-adopts all allegations contained within paragraphs 1-19 as if fully restated herein.

21. Defendant's decision to discipline and refusal to transfer Plaintiff, treat him differently and terminate Plaintiff from his employment was motivated by his race (Caucasian) and association with an African-American female.

22. Plaintiff would not have been terminated but for these unlawful motives. The reason given by the employer for the termination is false and pretextual.

23. As a result of the unlawful discrimination described above, Plaintiff has suffered damages. Plaintiff has had to retain the undersigned counsel and will continue to incur fees and costs.

24. The discrimination described above was done willfully, was malicious and done with a reckless disregard for Plaintiff's rights under federal law.

25. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay;

    c. Front pay and/or lost earning capacity;

    d. Compensatory damages, emotional distress damages,

    e. Injunctive relief and reinstatement;

    f.    Prejudgment interest;

    g.    Punitive damages

    h.    Costs and attorney's fees; and

    i.    Such other relief as the Court may deem just and proper.

### COUNT II – HOSTILE WORK ENVIRONMENT – 42 U.S.C. SECTION 1981

26. Plaintiff re-alleges and adopts paragraphs 1- 19 as though set forth fully herein.

27. Defendant's conduct as shown above resulted in a hostile work environment based upon his race Caucasian and his association with an African-American female. The harassment was both severe and pervasive.

28. Plaintiff complained about this harassing conduct and Defendant failed to stop it.

29. As a result of the unlawful discrimination described above, Plaintiff has suffered damages. Plaintiff has had to retain the undersigned counsel and will continue to incur fees and costs. The discrimination described above was done willfully, was malicious and done with a reckless disregard for Plaintiff's rights under federal law.

30. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a.    Back pay and benefits;

    b.    Interest on back pay;

    c.    Front pay and/or lost earning capacity;

    d.    Compensatory damages, emotional distress damages;

  e. Injunctive relief and reinstatement;

  f. Prejudgment interest;

  g. Punitive damages;

  h. Costs and attorney's fees; and

  i. Such other relief as the Court may deem just and proper.

### COUNT V – RETALIATION – 42 U.S.C. SECTION 1981

31. Plaintiff re-alleges and adopts paragraphs 1 - 19 as though set forth fully herein.

32. Defendant's decision to discipline Plaintiff and terminate Plaintiff from his employment was based upon his complaints of race discrimination.

33. Plaintiff would not have been terminated or disciplined but for these unlawful motives. The reason given by the employer for the termination is false and pretextual.

34. As a result of the unlawful discrimination described above, Plaintiff has suffered damages. Plaintiff has had to retain the undersigned counsel and will continue to incur fees and costs.

35. The discrimination described above was done willfully, was malicious and done with a reckless disregard for Plaintiff's rights under federal law.

36. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

  a. Back pay and benefits;

  b. Interest on back pay;

c.  Front pay and/or lost earning capacity;

d.  Compensatory damages, emotional distress damages,

e.  Injunctive relief and reinstatement;

f.  Prejudgment interest;

g.  Punitive damages;

h.  Costs and attorney's fees; and

i.  Such other relief as the Court may deem just and proper.


CHANFRAU & CHANFRAU

_____
Kelly H. Chanfrau, B.C.S.
Florida Bar No. 560111
701 N. Peninsula Drive
Daytona Beach, FL, 32118
Telephone: 386-258-7313
Facsimile:  386-258-8783
Email: Kelly@Chanfraulaw.com
**TRIAL COUNSEL FOR PLAINTIFF**