# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

GREG BYLICKI,

    Plaintiff,                             CASE NO.:    8:15-cv-01177-SCB-MAP

v.

MCGEE TIRE STORES, INC.,

    Defendant.
_____/

## DEFENDANT'S MOTION TO SHORTEN TIME TO RESPOND TO DISCOVERY

Defendant, MCGEE TIRE STORES, INC., by and through the undersigned counsel and pursuant to Local Rule 3.01(b) hereby files this Motion to shorten time for Plaintiff to respond to Defendant's Request for Admissions and states as follows:

1. On April 21, 2016, the undersigned took the deposition of Plaintiff, Greg Bylicki, in Daytona Beach, Florida. During the deposition, Plaintiff was elusive and evasive with certain answers that prompted the need for requests for admissions.

2. Unfortunately, given the undersigned's schedule, including a trial that was set to begin before the Honorable Judge Robert Foster in Hillsborough County, Florida on May 9, 2016 in a major death case, the Request for Admissions were not served on Plaintiff until May 11, 2016.

3. On May 11, 2016, Plaintiff's attorney indicated that she refused to respond to discovery given the fact that the 30-day responsive deadline would fall beyond the court's June 1, 2016 discovery cutoff.

4. The Request for Admissions are attached to this motion as Exhibit "A" for the court's review.

5. Responses to the Request for Admissions are necessary to allow Defendant to properly prepare a dispositive motion for summary judgment due on or before July 1, 2016 pursuant to the court's dispositive motion cutoff date.

6. This motion is not made for any improper purpose or to cause delay.

7. The Request for Admissions do not require Plaintiff to gather any new information and all responses can be gleaned from the documents and information that are in Plaintiff's possession prior to service of the Request for Admissions. Thus, the information needed to respond to the Request for Admissions is readily available to Plaintiff. Moreover, requiring Plaintiff to respond to simple Request for Admissions and indicate a simple admission or denial does not inflict any undue burden or cause any prejudice to Plaintiff. In the event that Plaintiff is not required to respond to the Request for Admissions before the June 1, 2016 discovery cut off, the Defendant's position on summary judgment could be compromised, or the undersigned would have to spend an exorbitant amount of time attempting to resolve issues of fact that could easily be resolved, one way or another, by Plaintiff's responses to the Request for Admissions.

WHEREFORE, the undersigned requests that the Court enter an order shortening the time to June 1, 2016 for Plaintiff to respond to Defendant's Request for Admissions served on May 11, 2016. Alternatively, the Defendant requests the court lengthen the time for the parties to engage in discovery until June 12, 2016 so that Defendant's may receive responses to its Request for Admissions.

### Memorandum of Law

Federal Rule of Civil Procedure 36 governs Requests for Admissions. This Rule allows a party 30 days to respond to its discovery requests. This Rule of procedure provides, however,

that "a shorter or longer time may be directed by the court." A district court has broad discretion to control discovery and the discovery rules should be liberally construed. *Hikman v. Taylor*, 329 U.S. 495, 508 (1947); *Ebeh v. Tropical Sportswear International Corporation*, 199 F.R.D. 696, 698 (N.D. Fla. 2001).

Interpreting whether to shorten or to allow a shorter period time to respond to discovery, another district court had shortened the time to respond to discovery when a party contended that a shorter time was appropriate because the information was readily available. *Soler v. G&U, Inc.*, 86 F.R.D. 524, 531 (S.D.N.Y. 1980).

Based on this authority, and a lack of any prejudice to the Plaintiff in requiring simple responses to a request for admissions, Defendant requests this court enter an order requiring Plaintiff to provide responses to its pending Request for Admissions.

### Local Rule 3.01(g) Certification

The undersigned attorney certifies that he has conferred with counsel for Plaintiff and she has objected to responding to Defendant's Request for Admissions given the fact that the discovery cutoff is June 1, 2016.

Respectfully submitted,

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN
*Attorneys for Defendant McGee Tire Stores*

By: _____
PHILLIP J. HARRIS
Florida Bar No. 0044107
201 E. Kennedy Blvd., Suite 1100
Tampa, FL 33602
Telephone: (813) 898-1800
Facsimile: (813) 221-5026
Primary service email: pjharris@mdwcg.com
Second service email: dmnowlin@mdwcg.com

3

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a Notice of Electronic Filing, and provide a true and correct copy of the foregoing via electronic mail to Kelly H. Chanfrau, B.C.S., Esquire (kelly@chanfraulaw.com), CHANFRAU & CHANFRAU, 701 N. Peninsula Drive, Daytona Beach, FL 32118, *Counsel for Plaintiff* on this 12th day of May, 2016.

_____
**Attorney**

LEGAL/105167926.v1