UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GREG BYLICKI,

    Plaintiff,

v.                                            Case No. 8:15-cv-1177-T-24 MAP

MCGEE TIRE STORES, INC.,

    Defendant.

_____/

**ORDER**

This cause comes before the Court on Defendant's Motion in Limine. (Doc. No. 54). Plaintiff opposes the motion. (Doc. No. 56). As explained below, the motion is granted in part and denied in part.

**I. Background**

Plaintiff Greg Bylicki is a white male who is married to an African-American woman. During the relevant period, Plaintiff was working for Defendant McGee Tire Stores, Inc. as a Service Manager at Defendant's South Florida store. Plaintiff reported to David Pierson, the store manager. Pierson reported to Kevin McGee, the district manager.

Plaintiff contends that he was subjected to a racially hostile work environment due to his marriage to his African-American wife. Soon after he reported the alleged harassment, he was fired. The reason for Plaintiff's termination is highly disputed.

Plaintiff got sick with strep throat on October 7, 2012 and was told by his nurse that he should stay home from work until October 15, 2012. Plaintiff forwarded the nurse's two notes to Pierson to let Pierson know that he would be out sick from work until October 15th. According to Plaintiff, when he attempted to call Pierson on Friday, October 12, 2012, Mike Riley

answered the phone. (Doc. No. 40, ¶ 25). Riley said to Plaintiff, "Man, I heard you were fired because you were acting like a 'nigger!'" (Doc. No. 40, ¶ 25). On Monday, October 15, 2012, McGee told Plaintiff that he was fired.

Plaintiff's position was filled by John Burns. Burns is a white male who is not married to an African-American woman.

After his termination, Plaintiff filed this lawsuit, in which he asserts three claims. First, he asserts a race discrimination claim under § 1981. Second, he asserts a hostile work environment claim under § 1981. Third, he asserts a retaliation claim under § 1981.

## II.  Defendant's Motion in Limine

Defendant filed a motion in limine that raises five issues. Accordingly, the Court will address each issue.

### A.  Mike Riley's October 12, 2012 Statement

Defendant moves to preclude Plaintiff from calling Mike Riley to testify or to allow his alleged October 12, 2012 statement to come into evidence, because Plaintiff failed to disclose Riley as a potential witness. Federal Rule of Civil Procedure 37(c)(1) provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."

The first time that Plaintiff mentioned Riley's October 12th statement to Defendant was in his declaration filed in opposition to Defendant's motion for summary judgment. (Doc. No. 40). According to Plaintiff's declaration, on October 12th, Riley said to Plaintiff, "Man, I heard you were fired because you were acting like a 'nigger!'" (Doc. No. 40, ¶ 25).

Plaintiff responds to this motion in limine by stating that he does not intend to call Riley as a witness. As such, to that extent, the motion in limine is granted.

However, Plaintiff intends to testify at trial "that he 'was told he was fired for acting like a nigger.'" (Doc. No. 56, p. 3). Plaintiff cannot testify to what Riley told him, because that would be double hearsay. First, someone had to tell Riley that Plaintiff had been fired for being a "nigger"—hearsay level number one. Second, Plaintiff is repeating Riley's out-of-court statement for the truth of the matter asserted—hearsay level number two. Accordingly, the Court grants Defendant's motion on this issue.

### B. Unemployment Compensation Hearing

Next, Defendant moves to exclude the transcript of the underlying Unemployment Compensation hearing and the referee's decision, arguing that such is irrelevant and highly prejudicial. Plaintiff agrees that the referee's decision should be excluded, and to that extent, Defendant's motion is granted.

However, Plaintiff points out that during the Unemployment Compensation hearing, McGee and Pierson testified regarding the events surrounding, and the reasons for, Plaintiff's termination. Some of their testimony during the Unemployment Compensation hearing conflicts with their version of the same events in this case. As such, Plaintiff argues that such evidence is highly relevant to the issue of whether Defendant's proffered reason for Plaintiff's termination in this case is pretextual. Furthermore, Plaintiff points out that McGee and Pierson's out-of-court statements are not hearsay under Federal Rule of Evidence 801(d)(2), because their statements qualify as admissions by a party-opponent or would be used for impeachment purposes.

The Court agrees with Plaintiff that McGee and Pierson's statements during the

Unemployment Compensation hearing are highly relevant to the issue of pretext. Accordingly, the Court denies Defendant's motion to exclude the Unemployment Compensation hearing transcript.

### C. Percentage of African-American Employees

Next, Defendant moves to exclude evidence regarding Defendant's ratio or percentage of white employees to African-American employees, arguing that there is a risk of unfair prejudice and jury confusion. Plaintiff responds that evidence that Defendant employed very few African-Americans in general, and no African-Americans at Plaintiff's workplace, is relevant to the issues of whether Defendant discriminated against him for being married to an African-American woman and whether it permitted a racially hostile work environment to exist.

Upon consideration, the Court concludes that such evidence will not be unfairly prejudicial and will not confuse the jury. Accordingly, the Court denies Defendant's motion on this issue.

### D. Treatment of Plaintiff's Wife as a Customer

Next, Defendant moves to preclude Plaintiff's wife[1] from testifying that before she married Plaintiff, she visited Defendant's South Florida store as a customer and felt that she was treated differently due to her race. (Doc. No. 24-1, depo p. 16–18, 35–39). Additionally, she stated in her deposition that a man named Kevin, who appeared to be someone "higher-up," made her feel the most unwelcome. (Doc. No. 24-1, depo p. 16–18, 35–39).

Defendant argues that Plaintiff's wife should be precluded from testifying about this

---

[1] Plaintiff and his wife were separated at the time of her deposition, and she had a protective order issued against him. (Doc. No. 24-1, depo p. 9-11).

experience, because there is a risk of unfair prejudice and jury confusion. Additionally, Defendant argues that Plaintiff's wife's contention that Defendant was discriminatory towards her (its customer) is not relevant to the issue of whether Defendant discriminated against Plaintiff (its employee).

Plaintiff responds that his wife should be able to testify about this encounter, because it was an encounter with Kevin McGee, one of the principal actors in this case. Thus, Plaintiff argues that this evidence is highly relevant to his claims, because it is evidence of McGee's racial animus towards African-Americans.

The Court agrees with Defendant that this evidence should be excluded, as the evidence is not relevant. There is no exact time frame given for when this encounter occurred, and Plaintiff's wife does not specifically identify McGee as the "Kevin" that she contends made her feel unwelcome. Accordingly, the Court grants Defendant's motion on this issue.

### E.  Plaintiff's Wife's Miscarriage

Next, Defendant moves to exclude evidence regarding Pierson's conversation with Plaintiff about one of his wife's miscarriages. Specifically, according to Plaintiff, after Plaintiff told Pierson about one of his wife's miscarriages, Pierson stated to him that he [Pierson] "wouldn't bring a mixed-child into this world." (Doc. No. 56, p. 7). Defendant argues that given the sensitive and emotional nature of miscarriages, there is a substantial risk of unfair prejudice and jury confusion. Furthermore, Defendant argues that such evidence would inflame the jury and lengthen the trial, because Defendant would need to engage in more extensive *voir dire* on the issues of miscarriage and mixed-race children.

Plaintiff responds that evidence of this conversation is relevant because it shows

Pierson's racial animus.  Furthermore, after Pierson made this statement, Plaintiff complained to McGee about the discrimination he believed he was enduring and asked for a transfer.  Finally, Plaintiff argues that such evidence is relevant to his burden of proving that he endured a severely hostile work environment.

Upon consideration, the Court concludes that Defendant's motion should be denied on this issue.  To the extent that Defendant argues that Pierson's statement was taken out of context and not meant to be discriminatory, Defendant can cross-examine Pierson about his intent at trial.

### III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Motion in Limine. (Doc. No. 54) is **GRANTED IN PART AND DENIED IN PART**: The motion is **GRANTED** to the extent that: (1) Mike Riley cannot be called to testify, nor can Plaintiff testify as to what Riley allegedly said to him; (2) the Court excludes the referee's decision in the Unemployment Compensation proceeding, but not the hearing transcript; and (3) Plaintiff's wife cannot testify that before she married Plaintiff, she visited Defendant's South Florida store as a customer and felt that she was treated differently due to her race.  Otherwise, the motion is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 30th day of September, 2016.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record